UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

DAVID M. ROUSH, :
:
    Petitioner : CIVIL NO. 4:CV-05-762
:
v. :
: (Judge McClure)
:
REBECCA WHITE-ROUSH, ET AL., :
:
:
    Respondents :

## **ORDER**

April 21, 2005

**Background**

    This pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 was filed by David M. Roush, an inmate presently confined at the Rockview State Correctional Institution, Bellefonte, Pennsylvania (SCI-Rockview). The required filing fee has been paid. Petitioner has also submitted a supporting memorandum. See Record document no. 2.

    Named as Respondents are Roush's ex-wife, Rebecca White-Roush and Pennsylvania's Attorney General Jerry Pappert. For the reasons outlined below, the

petition will be dismissed.

On July 23, 2001, Petitioner pled guilty to charges of indecent assault on a person less than sixteen (16) years of age and corruption of a minor.  However, his petition does not challenge either the legality of his criminal conviction or the resulting sentence.  He also does not attack the computation of his sentence or assert any claim that would affect the duration of his confinement.  Rather, Petitioner seeks an order reversing an unfavorable child custody determination rendered in the Dauphin County Court of Common Pleas.[1]  His petition seeks habeas corpus relief based on general assertions that the Court of Common Pleas abused its discretion, was biased and prejudiced and violated his due process rights.

**Discussion**

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254

---

[1] Petitioner and  Respondent Roush were married on May 19, 2001.  The marriage produced one child.  Mrs. Roush subsequently filed for divorce and full custody of the parties' minor child on October 16, 2003.

On April 19, 2004, the Dauphin County Court of Common Pleas awarded full custody of the parties' minor child to Mrs. Roush and denied the Petitioner's request for visitation.  An appeal to the Pennsylvania Superior Court was quashed by Memorandum dated December 28, 2004.

Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977). See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-159 (M.D. Pa. 1979). Rule 4 provides in pertinent part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where. . . the necessary facts can be determined from the petition itself. . . ." Allen v. Perini, 424 F.2d 134,141 (4th Cir.), cert. denied, 400 U.S. 906 (1970). Accord Love v. Butler, 952 F.2d 10, 15 (1st Cir. 1991). The Fourth Circuit Court of Appeals also stated that "the District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face." Allen, 424 F.2d at 141.

Prior to the 1996 amendments, § 2244 authorized dismissal of a successive habeas petition "that presented no new ground not heretofore presented and determined." McCleskey vs. Zant, 499 U.S. 467, 483 (1991). § 2244 provided:

> (a) No circuit or district judge shall be required to entertain an application for writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for writ of habeas corpus and the petition presents no new ground not heretofore presented and determined,

3

and the judge or court is satisfied that the ends of justice will not be served by such inquiry.

The Supreme Court in McCleskey expanded § 2244 to also preclude a person from raising a new claim in a subsequent habeas petition that he could have raised in his first habeas petition:

> A petitioner may abuse the writ by failing to raise a claim through inexcusable neglect. Our most recent decisions confirm that a petitioner can abuse the writ by raising a claim in a subsequent petition that he could have raised in his first, regardless of whether the failure to raise it earlier stemmed from a deliberate choice.

McCleskey, 499 U.S. at 489.

Following the 1996 amendments, Section 2244(b)(2) now provides:

> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable, or
>
> (B) (i) the factual predicate for the claim could not have been discovered previously through the existence of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in the light as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty

4

                        of the underlying offense.

(3)    (A)    Before a second or successive application permitted by this section is filed in the district court. The applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

On March 28, 2005, Roush submitted a prior § 2254 petition to this Court. See Roush v. White-Roush, Civil No. 4:CV-05-610. By Order dated March 29, 2005, Roush's earlier action was dismissed without prejudice to any right he may have to reassert his present claims in a properly filed civil rights complaint. Based on this Court's review of the pending habeas petition and supporting memorandum, those submissions are identical in all respects to Roush's prior petition and accompanying memorandum.

Petitioner has failed to show that his instant claim falls within the statutory exceptions outlined above. Moreover, there is no indication that Roush applied for and was granted leave to file a second or successive habeas corpus petition by the United States Court of Appeals for the Third Circuit. Consequently, under the requirements set forth in § 2244(b)(2), the instant petition cannot be entertained by this Court. Consequently,

**IT HEREBY ORDERED THAT:**

1. The petition for writ of habeas corpus is dismissed pursuant to 28 U.S.C. § 2244(b)(2).

2. The Clerk of Court is directed to close the case.

3. There is no basis for the issuance of a certificate of appealability.

    s/ James F. McClure, Jr.
JAMES F. McCLURE, JR.
United States District Judge